UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
RUDOLPH BROWN,
:
              Petitioner,           **MEMORANDUM AND ORDER**
:
   -against-                          04 Civ. 9804 (LBS)
:
DAVID MILLER, Superintendent
Eastern Correctional Facility,      :

              Respondent.      :
------------------------------------------------------x

SAND, District Judge.

    Petitioner moves the court to grant reconsideration of his habeas corpus petition and, on reconsideration, to grant a certificate of appealability on his claim that his sentence violates Ring v. Arizona, 536 U.S. 584 (2002). Petitioner also seeks relief pursuant to Fed. R. Civ. Pro. 60(b)(6) from this court's December 16, 2004 order, which denied petitioner's request to proceed in forma pauperis in pursuing his habeas corpus petition.

    The relevant background is set forth in this court's previous memorandum and order denying petitioner's habeas corpus petition. See Brown v. Miller, 2005 U.S. Dist. LEXIS 15026 (Jul. 26, 2005).

    Petitioner has argued that his sentence as a discretionary persistent felony offender violates Apprendi v. New Jersey, 530 U.S. 466 (2000) and Ring. In holding that petitioner's argument was rejected in Brown v. Greiner, 409 F.3d 523 (2d Cir. 2005), the Court overlooked that petitioner's conviction, unlike those of the Brown petitioners, became final after the Supreme Court decided Ring. The court in Brown held only that the state courts' sentencing pursuant to the discretionary persistent felony offender statute

1

did not unreasonably apply <u>Apprendi,</u> as understood at the time the <u>Brown</u> petitioners' cases became final. The <u>Brown</u> court did not answer the question as to whether New York's discretionary persistent felony offender statute survives <u>Ring</u>.

Petitioner is entitled to habeas corpus relief if the state courts' decisions upholding the enhanced sentence were contrary to or an unreasonable application of <u>Ring</u>. <u>See</u> 28 U.S.C. § 2254(d)(1). In <u>Ring</u>, the Supreme Court held unconstitutional Arizona's capital sentencing scheme because it allowed a sentencing judge, sitting without a jury, to determine the presence of aggravating circumstances necessary for imposition of the death penalty. The Court concluded, "[Defendants] are entitled to jury determination of any fact on which the legislature conditions an increase in their maximum punishment." <u>Ring</u>, 536 U.S. at 589.

There are two potentially significant ways in which the persistent felony offender statute here differs from the scheme struck down in <u>Ring</u>. First, the aggravating factor that the <u>Ring</u> court held could not be determined by the judge was whether the defendant's offense had been committed for pecuniary gain. This clearly represents the determination of a fact. In contrast, the "fact" that courts are charged with determining under the persistent felony offender statute at issue here is whether the "history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest." Arguably, this represents application of a broad and subjective standard rather than determination of the precise fact that the Supreme Court had in mind in <u>Ring</u>.

Second, the context of <u>Ring</u> was a death penalty sentencing scheme, and certain

2

language in the opinion suggests that the Court was particularly concerned about determinations made by a judge in such a context.  For instance, the first sentence of the opinion described the issue before the Court as the "right to a jury trial in capital prosecutions." Id. at 588.  Although there may be little rationale for restricting the reasoning of Ring to the context of capital sentencing, a narrow construction of its holding simply precludes a judge from determining a fact necessary to impose capital punishment.

For these reasons, the Court cannot conclude that the state court's sentencing of petitioner pursuant to the persistent felony offender statute was contrary to or involved an unreasonable application of Ring.  At the same, whether Ring extends to determinations that are less strictly factual and that are in the context of a non-capital case does, at the very least, raise a substantial question, which the court left open in Brown.

Therefore, petitioner's application for habeas corpus is denied.  However, petitioner's motion for reconsideration of the Court's denial of a certificate of appealability on his sentencing claim is granted.  A certificate of appealability is granted for petitioner to pursue his argument that his sentence pursuant to New York's persistent felony offender statute was contrary to or involved an unreasonable application of Ring.

Petitioner's motion for relief from the Court's December 16, 2004 order, which denied as moot petitioner's request to proceed in forma pauperis, is also granted.  Given the financial costs associated with pursuing an appeal in the Second Circuit, the issue is no longer moot.  There is no dispute that petitioner is indigent.  Further, the issues on which he seeks review are "not frivolous." See Coppedge v. United States, 369 U.S. 438,

445 (1962). Therefore, petitioner may proceed in forma pauperis.


SO ORDERED.

Dated: New York, New York
September 7, 2005

_____
U.S.D.J.